FILED

2017 SEP 25 PM 2:02

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ROBERT BAEHRLE, on behalf of
himself and others similarly situated

                Plaintiff,                Case No.: 6:17cv1686-orl-41GJK

vs.

H.A.T SERVICE CORPORATION,
A Florida Profit Corporation,

                Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ROBERT BAEHRLE ("Plaintiff"), on behalf of himself and other similarly situated employees, brings this collective action for unpaid overtime compensation, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. 216(b) (the "FLSA") against H.A.T. SERVICE CORPORATION (the "Company"), a Florida Corporation, and alleges:

### JURISDICTION AND VENUE

1. This is an action for damages and for declaratory relief, under the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover overtime, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs and relief as available under Florida common law.

2. The jurisdiction of the Court over this controversy is pursuant to 28 U.S.C. §1331 and the FLSA and supplemental jurisdiction pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court because the violations of the FLSA occurred in this Judicial District.

### PARTIES

4. Plaintiff was employed by Defendant as route salesman for an ice cream company

and performed related activities for Defendant in Orange County, Florida.

5. Defendant, H.A.T. SERVICE CORPORATION, is a Florida corporation licensed to do business in Florida and operates and conducts business in, among others, Orange County, Florida, and is therefore within the jurisdiction of this Court.

## STATEMENT OF FACTS

6. This action is brought under the FLSA to recover from Defendant unpaid overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

7. This court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA.

8. At all material times relevant to this action, the Company was an enterprise covered by the FLSA, as defined by 29 U.S.C. §§203(r) and 203(s).

9. Defendant is a distributor of ice cream products in and around Orange County and surrounding counties. At all material times relevant to this action, Defendant had gross revenues of at least $500,000.00 annually and employed employees engaged in commerce or in the production of goods for commerce. Defendant's employees handle and otherwise work on goods that have been moved in or produced for commerce. For example, employees employed by Defendant handle or work on goods that have been moved or produced for commerce such as ice cream, paper goods, and computers which originated from outside the state of Florida.

10. As a route salesman who never left the state of Florida, Plaintiff was not exempt from overtime requirement of the FLSA.

11. Defendant is a distributor of ice cream products throughout most of central and southern Florida.

12. The job title "route salesman" is deceiving. Defendant's route salesmen do not actually "sell" Defendant's products. In reality, route salesmen spend the overwhelming majority of their time servicing accounts by replenishing inventory.

13. Plaintiff is not exempt from overtime as s route salesman because he performed

2

duties that included driving a truck, delivering ice cream products, placing orders for customers, stocking shelves, and clocking in and out on his hand-held computer, among other non-exempt tasks.

14. By Plaintiff's estimates, he routinely worked more than 45 hours or more in a work week.

15. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Defendants did not pay Plaintiff overtime wages for those hours worked in excess of forty (40) within a work week.

16. During his employment with Defendant, Plaintiff was not paid time and one-half his regular rate of pay for all hours worked in excess of forty (40) within a work week during one or more weeks of employment.

17. Plaintiff was never paid at one and one half times his regular rate of pay for all hours worked over forty.

18. Upon information and belief, many of the records, to the extent that any exist concerning the number of hours worked and amounts paid to Plaintiff, are in the possession, custody and control of the Defendant.

19. Upon information and belief, Defendant did not rely on any Department of Labor Wage and Hour Opinions or the advice of an attorney in creating its pay policies.

20. Defendant knew or should have known with reasonable diligence that its conduct violated the Fair Labor Standards Act.

21. All conditions precedent to this action have been met or have been waived.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

22. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-21 above.

23. Plaintiff was entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

24. During his employment with Defendant, Plaintiff regularly worked overtime hours

3

but was not paid time and one-half compensation for the same.

25. As a route salesman Plaintiff did not qualify for an exemption from the wage and overtime obligations imposed by the FLSA.

26. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages and is incurring reasonable attorneys' fees and costs.

27. Defendant was aware Plaintiff performed non-exempt job duties but still refused to pay Plaintiff overtime for hours worked over forty (40).

28. Defendant did not maintain and keep accurate time records as required by the FLSA for Plaintiff.

29. Defendant failed to post required FLSA informational listings as required by the FLSA.

30. Defendant's conduct was willful and in reckless disregard of the overtime requirements of the FLSA.

31. Defendant willfully violated the FLSA.

32. Plaintiff is entitled to liquidated damages.

33. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands judgment against Defendant for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by him but Defendant failed to pay him, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and all further relief that this Court deems to be just and appropriate.

### COUNT II - COLLECTIVE ACTION
### RECOVERY OF OVERTIME

34. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-21 above.

35. At all times material, Defendant employed numerous other non-exempt employees who worked as route salesmen and who worked a substantial number of hours in excess of forty

4

(40) per week.

36. Throughout their employment, those route salesmen similarly situated to Plaintiff were subject to the same unlawful pay practices.

37. Defendant failed to pay those individuals, who are similarly situated to Plaintiff, one and one half times their regular hourly rate, for all hours worked in excess of forty (40) in each week, in violation of the FLSA.

38. Defendant's failure to pay such similarly situated individuals the required overtime rate was willful and in reckless disregard of the FLSA.

39. As a direct and legal consequence of Defendant's unlawful acts, individuals similarly situated to Plaintiff have suffered damages and have incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

**WHEREFORE**, Plaintiff demands that similarly situated employees have judgment entered against Defendant for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked over forty for which Defendant failed to pay them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and all further relief that this Court deems to be just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated this day 21st of September, 2017.

MORGAN & MORGAN, P.A.

/s/ Marc R. Edelman
MARC R. EDELMAN, ESQ.
Fla. Bar No. 0096342
Morgan & Morgan, P.A.
201 N. Franklin Street, #600
Tampa, FL 33602
Telephone 813-223-5505
Fax: 813-257-0572
Email: Medelman@forthepeople.com
Attorney for Plaintiff