## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement"), executed this 7th day of February, 2018, is made and entered into by Plaintiff Robert Baehrle ("Plaintiff") and H.A.T. Service Corporation ("Defendant," which also includes for purposes of this Agreement all of H.A.T. Service Corporation's related and affiliated entities, and their owners, representatives, officers, employees, directors, agents, successors and assigns, insurers, and all persons acting by, through, under or in concert with or for any of them), and hereinafter collectively referred to as the "Parties," with each Party intending to be bound by the following terms and conditions of this Agreement, who hereby agree to a settlement of their dispute on the following terms and conditions:

### WITNESSETH

WHEREAS, Plaintiff was employed by Defendant as a route sales associate during the relevant time, August 10, 2015, through February 13, 2017;

WHEREAS, Plaintiff alleges he worked hours over forty without being paid overtime for all hours he worked under the Fair Labor Standards Act ("FLSA");

WHEREAS, Defendant denies it ever owed Plaintiff overtime pay under the FLSA because the FLSA's Motor Carrier Act overtime exemption applied to Plaintiff where Plaintiff operated a vehicle over 10,000 pounds that was registered with the DOT, Defendant is a motor carrier whose transportation of property by motor vehicle is subject to the Secretary of Transportation's jurisdiction under Section 204 of the Motor Carrier Act, and as Defendant's employee, Plaintiff engaged in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce within the meaning of the Motor Carrier Act. *See* 29 C.F.R. Sec. 782.2(a);

WHEREAS, Plaintiff alleges Defendant acted in bad faith, is entitled to liquidated damages, and the statute of limitations is three years, and Defendant maintains it acted in good faith and should Plaintiff establish liability, which Defendant denies, Plaintiff is not entitled to liquidated damages and the statute of limitations is two years;

WHEREAS, Plaintiff instituted the following civil action, *Robert Baehrle v. H.A.T. Service Corporation* Case No. 6:17-cv-01686-CEM-GJK, pending in the United States Court Middle District of Florida, Orlando Division, ("Lawsuit"), which alleges a violation of the FLSA's overtime provision;

WHEREAS, the Parties desire to settle fully and finally all differences between them with regards to the Lawsuit referenced above, and any claim for unpaid minimum wage under the FLSA and Florida Minimum Wage Act authorized by the Minimum Wage Amendment to Article X of the Florida Constitution;

NOW, THEREFORE, in consideration of the premises and mutual promises contained herein, it is agreed as follows:


EXHIBIT A

1. This Agreement is not and shall not in any way be construed as an admission by any Party of any wrongdoing. The Parties entered into this Agreement for the sole purpose of resolving the aforementioned Lawsuit and to avoid the burden, expense, delay, and uncertainties of litigation of the Lawsuit, as well as a claim for unpaid minimum wage under the FLSA and the Florida Minimum Wage Act. This settlement is for Plaintiff's FLSA claims in this Lawsuit and for any claim for unpaid minimum wage under the FLSA and the Florida Minimum Wage Act. Plaintiff is not settling any other claims he may have against Defendant and is not releasing Defendant from any other claims or causes of action, including any other claims that could have been brought in this lawsuit, other than claims for unpaid minimum wages under the FLSA and the Florida Minimum Wage Act.

2. Counsel will file a joint motion seeking the Court's approval of the Agreement no later than February 7, 2018.

3. In consideration of this Agreement, and in full and final release and settlement of Plaintiff's FLSA claim in this Lawsuit and any unpaid minimum wage claim under the FLSA and the Florida Minimum Wage Act, Plaintiff shall receive a total amount of two thousand, six hundred dollars ($2,600.00). Defendant shall make the following payments:

    a. A check in the amount of five hundred dollars ($500.00) for alleged unpaid wages less applicable taxes and withholdings, made payable to Plaintiff. An IRS Form W-2 will be issued to Plaintiff in connection with this payment;

    b. A check in the amount of six hundred dollars ($600.00) made payable to Plaintiff, with five hundred dollars ($500.00) for alleged liquidated damages and one hundred dollars ($100.00) as additional consideration for the release of any unpaid minimum wage claim under the FLSA and the Florida Minimum Wage Act. No taxes and/or withholdings will be deducted from this amount. An IRS Form 1099 will be issued to Plaintiff in connection with this payment;

    c. A check for one thousand, five hundred dollars ($1,500.00) made payable to Morgan & Morgan, P.A., as reasonable fees and costs of this action. An IRS Form 1099 will be issued to Morgan & Morgan, P.A., in connection with this payment.

4. The payments will be delivered to Plaintiff's counsel, Marc Edelman, Morgan & Morgan, P.A., 201 N. Franklin Street, #600, Tampa, Florida 33602.

5. Defendant agrees to deliver the three payments described above fourteen (14) business days after the latter of Defendant's counsel's receipt of the executed agreement by Plaintiff or the Court's approval of the entire Agreement, thereby dismissing this Lawsuit in its entirety with prejudice.

6. Plaintiff understands these above-referenced payments are the only monies he will receive in settlement of the Lawsuit, and is full and complete payment of all sums he alleges is

owed to him by Defendant for all hours he worked, including liquidated damages, attorney's fees and costs under the FLSA. Plaintiff acknowledges and admits that upon receipt of the above-referenced payments, he will be paid fully by Defendant for every hour he worked and is not owed any wage or other form of relief, including liquidated damages, attorney's fees, and costs, under the FLSA and/or Florida Minimum Wage Act authorized by the Minimum Wage Amendment to Article X of the Florida Constitution.

7. The Parties acknowledge that these above-referenced payments do not constitute payment for sums to which Plaintiff contends he is entitled under the Family and Medical Leave Act, Americans with Disabilities Act, Title VII, Age Discrimination in Employment Act, Florida Civil Rights Act, or any other federal or state statute other than the FLSA and Florida Minimum Wage Act.

8. Except as otherwise agreed in this Agreement, the Parties shall bear their own attorneys' fees and costs.

9. This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any and all prior agreements or understandings between the Parties pertaining to the subject matter hereof. This Agreement may not be changed orally, and may only be modified in writing.

10. Plaintiff agrees that should a court of competent jurisdiction determine that Plaintiff breached this Agreement, Plaintiff acknowledges and understands that Defendant will request the Court to enter an award against Plaintiff for all sums paid pursuant to this Agreement, along with all other remedies available by law or in equity. In the event of any litigation arising from a breach of the Agreement, the prevailing party shall be entitled to recover costs and reasonable attorneys' fees.

11. This Agreement shall be interpreted in accordance with the plain meaning of its terms and not for or against the drafter.

12. This Agreement is entered into in the State of Florida, and its validity, construction, interpretation, and administration shall be governed by the laws of the State of Florida.

13. All Parties agree to cooperate fully, to execute any and all supplementary documents, and to take all additional actions that may be necessary or appropriate to give full force and effect to the basic terms and intent of this Agreement.

14. Plaintiff agrees he will be solely responsible for his tax consequences resulting from the payment of any part or all of the settlement monies if the Internal Revenue Service subsequently challenges the tax treatment of this payment. Plaintiff acknowledges that Defendant makes no warranty concerning the treatment of any sums paid and received under this Agreement under federal, state or local tax or other laws, and Plaintiff has not relied upon any such warranty.

15.     Plaintiff warrants and represents that no other person or entity has claimed or now claims any interest in the subject of the release described in this Agreement, that Plaintiff has the exclusive authority to execute this Agreement and to receive the payments described in paragraph 3 and that Plaintiff has not sold, assigned or transferred, or purported to assign or transfer to any person or entity, any claims resolved or released by this Agreement or any portion thereof or interest therein.

16.     In signing this Agreement, Plaintiff expressly warrants, represents and agrees he carefully read and fully understands all of the provisions of this Agreement, and he is knowingly and voluntarily entering into this Agreement and accept the terms of this Agreement with the intent to be bound thereby and without any coercion or duress. Plaintiff has been advised and is advised to consult with an attorney of his choice and has relied upon the legal advice of his attorney prior to executing this Agreement, and who have carefully read and fully explained all the provisions of this Agreement. Plaintiff acknowledges he has been provided a reasonable period of time within which to consider whether to enter into this Agreement.

17.     This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of such counterparts taken together shall constitute one and the same agreement.

_____                    Dated: 2-7-18
Robert Baehrle


For:    H.A.T. Service Corporation

_____                    Dated: _____

By: _____

WSACTIVELLP:9592437.1

15. Plaintiff warrants and represents that no other person or entity has claimed or now claims any interest in the subject of the release described in this Agreement, that Plaintiff has the exclusive authority to execute this Agreement and to receive the payments described in paragraph 3 and that Plaintiff has not sold, assigned or transferred, or purported to assign or transfer to any person or entity, any claims resolved or released by this Agreement or any portion thereof or interest therein.

16. In signing this Agreement, Plaintiff expressly warrants, represents and agrees he carefully read and fully understands all of the provisions of this Agreement, and he is knowingly and voluntarily entering into this Agreement and accept the terms of this Agreement with the intent to be bound thereby and without any coercion or duress. Plaintiff has been advised and is advised to consult with an attorney of his choice and has relied upon the legal advice of his attorney prior to executing this Agreement, and who have carefully read and fully explained all the provisions of this Agreement. Plaintiff acknowledges he has been provided a reasonable period of time within which to consider whether to enter into this Agreement.

17. This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of such counterparts taken together shall constitute one and the same agreement.

_____  Dated: _____
Robert Baehrle


For: H.A.T. Service Corporation

_____  Dated: 2/7/18
By: Todd Michaels

WSACTIVELLP:9592437.1