## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### ORLANDO DIVISION

**ROBERT BAEHRLE, on behalf of**
**himself and others similarly situated,**

**Plaintiff,**

**v.**                                              **Case No:   6:17-cv-1686-Orl-41GJK**

**H.A.T. SERVICE CORPORATION,**

**Defendant.**

---

### REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION TO APPROVE SETTLEMENT AND MEMORANDUM IN SUPPORT THEREOF (Doc. No. 30)** |
| **FILED:** | **May 2, 2018** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

### I.      BACKGROUND.

On September 25, 2017, Plaintiff filed a Complaint against Defendant alleging violations of the overtime provisions of the Fair Labor Standards Act ("FLSA"). Doc. No. 1. On February 12, 2018, the parties filed a joint motion asking the Court to approve their Settlement Agreement. Doc. No. 25. On February 20, 2018, the Court denied the motion to approve the settlement agreement because of a lack of information regarding the reasonableness of the agreement as to attorney's fees. Doc. No. 26. On May 2, 2018, the parties filed a new "Joint Motion to Approve Settlement and Memorandum in Support Thereof" (the "Motion"). Doc. No. 30. This matter has

been referred to the undersigned for a report and recommendation. For the reasons that follow, it is recommended that the Motion be granted.

**II.   <u>LAW</u>.**

In *Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350 (11th Cir. 1982), the Eleventh Circuit addressed the means by which an FLSA settlement may become final and enforceable:

> There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . . .  The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

Thus, unless the parties have the Secretary of Labor supervise the payment of unpaid wages owed or obtain the Court's approval of the settlement agreement, the parties' agreement is unenforceable. *Id*. Before approving an FLSA settlement, the Court must scrutinize it to determine if it is a fair and reasonable resolution of a bona fide dispute. *Id*. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement. *Id*. at 1354.

In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

> (1) the existence of collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of plaintiff's success on the merits;
> (5) the range of possible recovery; and

(6) the opinions of counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994);

*Hamilton v. Frito-Lay, Inc.*, Case No. 6:05-cv-592-Orl-22JGG, 2007 WL 328792, at *2 (M.D. Fla.

Jan. 8, 2007), *report and recommendation adopted*, 2007 WL 219981 (M.D. Fla. Jan. 26, 2007).

The Court should be mindful of the strong presumption in favor of finding a settlement fair.   *See*

*Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[1]

In FLSA cases, the Eleventh Circuit has questioned the validity of contingency fee

agreements. *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (citing *Skidmore v. John J.*

*Casale, Inc.*, 160 F.2d 527, 531 (2d Cir. 1947) ("We have considerable doubt as to the validity of

the contingent fee agreement; for it may well be that Congress intended that an employee's

recovery should be net[.]")).[2]  In *Silva*, the Eleventh Circuit stated:

> That Silva and Zidell entered into a contingency contract to establish
> Zidell's compensation if Silva prevailed on the FLSA claim is of
> little moment in the context of FLSA. FLSA requires judicial review
> of the reasonableness of counsel's legal fees to assure both that
> counsel is compensated adequately and that no conflict of interest
> taints the amount the wronged employee recovers under a settlement
> agreement. FLSA provides for reasonable attorney's fees; the
> parties cannot contract in derogation of FLSA's provisions. *See*
> *Lynn's Food*, 679 F.2d at 1352 ("FLSA rights cannot be abridged
> by contract or otherwise waived.") (quotation and citation omitted).
> To turn a blind eye to an agreed upon contingency fee in an amount
> greater than the amount determined to be reasonable after judicial
> scrutiny runs counter to FLSA's provisions for compensating the
> wronged employee. *See United Slate, Tile & Composition Roofers*
> *v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 504 (6th Cir.
> 1984) ("the determination of a reasonable fee is to be conducted by
> the district court regardless of any contract between plaintiff and

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[2] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

> plaintiff's counsel"); *see also Zegers v. Countrywide Mortg.*
> *Ventures, LLC*, 569 F.Supp.2d 1259 (M.D. Fla. 2008).

*Id*. at 351-52. For the Court to determine whether the proposed settlement is reasonable, plaintiff's counsel must first disclose the extent to which the FLSA claim has or will be compromised by the deduction of attorney's fees, costs or expenses pursuant to a contract between the plaintiff and counsel, or otherwise. *Id*. When a plaintiff receives less than a full recovery, any payment to plaintiff's recovery above a reasonable fee improperly detracts from the plaintiff's recovery.[3] Thus, a potential conflict can arise between counsel and client regarding how much of the plaintiff's total recovery should be allocated to attorney's fees and costs.[4] It is the Court's responsibility to ensure that any such allocation is reasonable. *Id*. As the Court interprets the *Lynn's Food Stores, Inc.* and *Silva* cases, where there is a compromise of the amount due to the plaintiff, the Court should decide the reasonableness of the attorney's fees provision under the parties' settlement agreement using the lodestar method as a guide. In such a case, any compensation for attorney's fees beyond that justified by the lodestar method is unreasonable unless exceptional circumstances would justify such an award.

An alternative means of demonstrating the reasonableness of attorney's fees and costs was set forth in *Bonetti v. Embarq Management Co.*, 715 F. Supp. 2d 1222 (M.D. Fla. 2009). In *Bonetti*, the Honorable Gregory A. Presnell held:

> In sum, if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) *represents that the*

---

[3] From a purely economic standpoint, a defendant is largely indifferent as to how its settlement proceeds are divided as between a plaintiff and plaintiff's counsel. Where a plaintiff is receiving less than full compensation, payment of fees necessarily reduces the plaintiff's potential recovery.

[4] This potential conflict is exacerbated in cases where the defendant makes a lump sum offer which is less than full compensation, because any allocation between fees and the client's recovery could become somewhat arbitrary.

> *plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.*

*Id.* at 1228 (emphasis added). Judge Presnell maintained that if the matter of attorney's fees "[is] addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." *Id.* The undersigned finds this reasoning persuasive.

## III.    ANALYSIS.

### A.    Settlement Amount.

Plaintiff averred that the total amount of overtime owed to him is $4,470.06, plus an equal amount of liquidated damages. Doc. No. 16 at 3, 7. Plaintiff also states that he signed a contingency fee agreement with his counsel. *Id.* at 3. Under the Settlement Agreement, Plaintiff will receive $500 for unpaid wages, $500 for liquidated damages, and $100 "as additional consideration for the release of any unpaid minimum wage claim under the FLSA and the Florida Minimum Wage Act." Doc. No. 30-1 at 2. Thus, Plaintiff's claim is compromised. *See Caseres v. Texas de Brazil (Orlando) Corp.*, 6:13-cv-1001-Orl-37KRS, 2014 WL 12617465, at *2 (M.D. Fla. April. 2, 2014) ("Because [plaintiff] will receive under the settlement agreement less than she averred she was owed under the FLSA, she has compromised her claim within the meaning of *Lynn's Food Stores*.").

The case involves disputed issues regarding FLSA liability, which constitutes a bona fide dispute. Doc. No. 30 at 2-3. The parties represent that during their negotiations, they "determined that the amount of time allegedly worked over 40 hours in the work week, if any, was minimal."

*Id.* at 2. Also during the negotiations, Plaintiff's counsel discovered "that it was more than likely the FLSA Motor Carrier Act overtime exemption applied to Plaintiff." *Id.* Thus, after receiving sufficient information to make informed decisions, the parties decided to settle their dispute to avoid the risk of litigation. *Id.* Considering the foregoing, and the strong presumption favoring settlement, the settlement amount is fair and reasonable.

      **B.**    **Attorney's Fees and Costs.**

Under the Settlement Agreement, Plaintiff's counsel will receive $1,500.00 in attorney's fees and costs. Doc. No. 30-1 at 2. "Plaintiff's counsel represents that he and Plaintiff discussed the amount of fees and costs to be paid to Plaintiff's counsel separately from the amounts paid to Plaintiff and Plaintiff agrees that the amount of fees and costs to be paid to his attorney is both fair and reasonable." *Id.* at 6. Such a representation adequately establishes that the issue of attorney's fees and costs was agreed upon without regard to the amount paid to Plaintiff. *See Bonetti*, 715 F. Supp. 2d at 1228. Accordingly, pursuant to *Bonetti*, the undersigned finds the Settlement Agreement's attorney's fee provision to be fair and reasonable.

**IV.**    <u>**CONCLUSION**</u>.

Accordingly, it is **RECOMMENDED** that:

1. The Motion (Doc. No. 30) be **GRANTED**; and

2. The Court **DISMISS the case with prejudice**.

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1. **To expedite the**

**final disposition of this matter, if the parties have no objection to this Report and Recommendation, they may promptly file a joint notice of no objection**.

  **RECOMMENDED** in Orlando, Florida, on May 7, 2018.

                GREGORY J. KELLY
          UNITED STATES MAGISTRATE JUDGE


Copies furnished to:

Counsel of Record
Unrepresented Parties